IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY SR.,

Plaintiff,

v.

DEP. ZAHN, MENTAL HEALTH DOES 1–10,
CLASSIFICATION DOES 1–10, NURSE DOES 1–15,
DEP. DOES (ALL WHITE) 1–30, DEP. MARSHALL,
DEP. HAUG, DEP. MENDOZA, DEP. JANE
DOE #31, DEP. TAPIA, and NURSE LING,

Defendants.

OPINION and ORDER

21-cv-468-jdp

---

Pro se plaintiff Brandon D. Bradley Sr., who is also known as Brittney Bradley, alleges that defendant Dane County jail officials violated her rights by placing her in restrictive custody, using excessively tight restraints, and refusing to allow her to post bail. Bradley requests leave to proceed in forma pauperis, but she has "struck out" under 28 U.S.C. § 1915(g), meaning that she is ineligible to obtain indigent status under § 1915 in any suit she files while she is incarcerated unless she alleges that she is in imminent danger of serious physical injury. On at least three prior occasions before filing this lawsuit, Bradley brought actions that were dismissed because they were frivolous or malicious or because they failed to state a claim upon which relief may be granted. *See Bradley v. Drumm*, No. 20-C-709, 2020 WL 4091428 (E.D. Wis. July 20, 2020); *Bradley v. Mahoney*, No. 20-cv-51-jdp, 2020 WL 5709236 (W.D. Wis. Sept. 24, 2020); *Bradley v. Novak*, No. 20-cv-328-jdp, 2020 WL 7360250 (W.D. Wis. Dec. 15, 2020).

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and

show that the threat or prison condition causing the physical injury is "real and proximate."

*Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Bradley's complaint doesn't meet this

standard. All of her allegations concern completed past wrongs except for her allegation that

defendants will not allow her to post bail, which does not involve a threat of imminent physical

injury. She submits a document titled "Declaration of Imminent Danger/Indigency," but it

contains only the conclusory allegation that Bradley faces a "daily threat of death or irreparable

harm unless this honorable court intervenes." Dkt. 2. Nothing in Bradley's complaint supports

this allegation, so I will disregard it.

Bradley is barred from proceeding in forma pauperis on her claims, so I will dismiss this

case without prejudice. If Bradley pays the full filing fee by the deadline set below, I will reopen

the case.


ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Bradley Sr. is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if Bradley submits the $350 filing fee for this case by August 20, 2021.

Entered July 30, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge